UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA E. BARROSO,

        Plaintiff,

v.                                                    Case No. 6:13-cv-512-Orl-37DAB

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Motion for Remand (Doc. 16), filed April 29, 2013;

2. Defendant's Response in Opposition to Plaintiff's Motion for Remand and Memorandum of Law in Support (Doc. 19), filed May 16, 2013; and

3. Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Remand (Doc. 24), filed May 31, 2013.

Upon consideration, the Court hereby grants Plaintiff's motion for remand.

## BACKGROUND

In November 2009,[1] Plaintiff brought suit in state court against Defendant, Plaintiff's insurer, for underinsured motorist ("UM") benefits, loss of consortium, and bad faith (failure to settle the claim). (Doc. 16-2.) Under Florida law, a bad faith claim does not accrue until the underlying UM claim has been resolved favorably to the insured. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991).

---

[1] The complaint does not contain the date on which it was filed. Plaintiff represents that it was filed on November 18, 2009. (Doc. 16, p. 1.) Defendant represents that it was filed on November 25, 2009. (Doc. 19, p. 2.)

On December 29, 2009, Defendant moved to dismiss the bad faith claim as premature. (Doc. 16-3, pp. 5–6.) A hearing on the motion was not noticed until more than two years later, on February 29, 2012. (Doc. 16-4.) After the hearing, the state court dismissed the bad faith claim. (Doc. 16, ¶ 3; Doc. 19, p. 5.) A jury ultimately rendered a verdict in favor of Plaintiff. (Doc. 16-5.) The Court subsequently limited the verdict to $25,000 based on the policy limit. (Doc. 1-3, pp. 5–7.)

Plaintiff then sought leave to amend her complaint to add a bad faith claim in light of the verdict on the UM claim. (Doc. 1-3, pp. 3–4.) Before leave was granted, Defendant filed a notice of removal. (Doc. 16-7.) Plaintiff moved to remand (Doc. 16-8), which the Court granted after Defendant withdrew its opposition. (Doc. 16-9.) On March 11, 2013, the state court granted Plaintiff's motion to amend to add the bad faith claim. (Doc. 1-3, p. 9.) On March 28, 2013, Defendant filed another notice of removal with this Court based on diversity jurisdiction. (Doc. 1.) Plaintiff moved to remand. (Doc. 16.) Defendant opposed. (Doc. 19.) Plaintiff replied. (Doc. 24.)

## STANDARDS

28 U.S.C. § 1446 provides that a defendant may only remove within thirty days of receiving the initial pleading or service of summons. In a case not originally removable, a defendant may only remove within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which . . . has become removable." 28 U.S.C. § 1446(b)(3). However, a case removed based on diversity jurisdiction that was not initially removable may not be removed more than one year after the commencement of the action. *Id.* § 1446(c)(1).[2]

---

[2] On December 7, 2011, Congress amended § 1446. Pub. L. No. 112-63, 125 Stat. 758 § 103 (2011). The amendment became effective on January 6, 2012. *See id.*

Despite a defendant's statutory right to remove, the "plaintiff is still the master of his own claim," and the "defendant's right to remove and [the] plaintiff's right to choose his forum are not on equal footing." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[I]t is axiomatic that ambiguities are generally construed against removal." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006) (citation and internal quotation marks omitted). Thus, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* (citations omitted).

## DISCUSSION

Defendant contends that this case was not initially removable and only became removable after the bad faith claim ripened. (Doc. 19, pp. 4–7.) Defendant thus argues that it timely removed within thirty days of the state court's order permitting Plaintiff to add the bad faith claim. (*Id.* at 5–10.) Defendant also argues that the bad faith claim is a "separate and independent cause of action" and thus constitutes an initial pleading of its own such that the one-year limitation on cases that are not initially removable does not apply. (*Id.* at 7–9, 10–11.) Defendant further avers that if the Court determines that this case was initially removable, the addition of the bad faith claim the second time around "revived" Defendant's right to remove, such that the timeliness provisions of § 1446 were reset. (*Id.* at 4, 11–14.)

This case was not timely removed and remand is therefore required. This case

---

§ 105(a). The amendment applies to "any action . . . commenced on or after [the] effective date." *Id.* As the instant action commenced before the effective date, the former iteration of § 1446 applies. However, with the exception that a defendant may now remove beyond the one-year period where the plaintiff acted in bad faith to prevent the defendant from removing the action, the substance of the timeliness provisions are the same. *Id.* § 103.

3

was not initially removable because the amount in controversy requirement of 28 U.S.C. § 1332 was not met due to the $25,000 policy limit.[3] (*See* Doc. 1-3, pp. 5–7.) Because the case was not initially removable, it was subject to the thirty-day and one-year removability restrictions.[4] This case was removed within thirty days of Defendant's receipt of the state court's order allowing Plaintiff to add the bad faith claim. (*See* Doc. 1-3, p. 9; Doc. 1.) However, it was not removed within one year of the commencement of the action.

Under Florida law, an action is deemed commenced when the complaint is filed. *See* Fla. R. Civ. P. 1.050 (stating that a civil action is commenced when the complaint is filed); *see also* Fed. R. Civ. P. 3 (stating the same). Thus, commencement occurs at the filing of the complaint, and the amendment of the complaint adding a bad faith claim does not commence the action anew. *See Van Niekerk v. Allstate Ins. Co.*, No. 12-62368-CIV, 2013 WL 253693, at *2–4 (S.D. Fla. Jan. 23, 2013) (Cohn, J.) (remanding on the ground that the amended bad faith claim was added nearly three years after the action was brought and stating that the addition of a party or claim is not the same as the "commencement of an action"); *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1346–47 (S.D. Fla. 2012) (Hurley, J.) ("[T]he addition of a new claim does not reset the one-year limitation period."); *Daggett v. Am. Sec. Ins. Co.*, No. 2:08-cv-46-FtM-29DNF, 2008 WL 1776576, at *2–3 (M.D. Fla. Apr. 17, 2008) (Steele, J.) (noting

---

[3] While the bad faith claim may have put the amount in controversy over $75,000, it had not accrued and thus was not legally actionable.

[4] Even if this case was initially removable, the removal would have been untimely because it occurred more than thirty days—in fact, more than three years—after Defendant's receipt of the initial pleading. (*See* Doc. 1.) While Defendant argues that the amendment of the complaint adding the bad faith claim constitutes a "revival" of Defendant's right to remove (Doc. 19, pp. 4, 11–14), the Court disagrees. As further discussed below, the amendment of a complaint does not reset the clock for removal purposes.

that the addition of a bad faith claim "was a new claim" but "not a new civil action"). Indeed, "[e]ven when an action includes multiple claims by various plaintiffs against multiple defendants, the commonly understood meaning of the 'commencement of the action' is when the original complaint is filed that sets in motion the resolution of all claims, even though an action often includes the addition of new claims and parties as the action progresses." *Lopez v. Robinson Aviation (RVA), Inc.*, No. 10-60241-CIV, 2010 WL 3584446, at *2 (S.D. Fla. Apr. 21, 2010). This Court therefore disagrees with other courts that have held that because the bad faith claim is separate from the UM claim, the amendment of a complaint adding a bad faith claim resets the timeliness provisions of § 1446. *See, e.g.*, *Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-CV-1949-T27-TBM, 2007 WL 2029334, at *2 (M.D. Fla. July 11, 2007) (Whittemore, J.) (stating that the amended bad faith claim was a "separate and distinct cause of action" and that the defendant was not precluded from removing it more than one year after the filing of the original UM claim). Because this case was not initially removable and was removed more than three years after the action commenced, the removal was untimely and Plaintiff's motion for remand is due to be granted.

The Court is mindful that this resolution creates a procedural conundrum for insurers, as a plaintiff can move to amend the complaint post-verdict to add a bad faith claim, knowing that a verdict will likely take more than one year to be rendered. That may be, but Congress placed limits on federal courts' jurisdiction to hear cases arising under state law as a matter of comity. While the one-year time limit may seem "arbitrary and unfair," such a limitation is "an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). In the end, the "plaintiff is still the

master of his own claim." *Burns*, 31 F.3d at 1095. The crux of the procedural catch-22 rests with the Florida state courts, which apparently permits plaintiffs to amend the action for underinsured motorists benefits post-verdict instead of requiring the filing of a new action. That the post-verdict addition of a bad faith claim inserts a separate and distinct claim contrasted with the UM claim is hardly debatable. However, unless and until Florida courts require the commencement of a new action or Congress acts to amend the removal statute, this Court can only apply § 1446 as drafted—imposing a one-year limitation that begins with commencement of the action—to the vagaries of state procedural practice prior to removal.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Remand (Doc. 16) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Orange County, Florida.

3. All remaining pending motions are **DENIED AS MOOT**.

4. All remaining deadlines are **TERMINATED**.

5. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 1, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Eighteenth Judicial Circuit in and for Orange County, Florida